Russell A. Brown
CHAPTER 13 TRUSTEE
3838 North Central Avenue, Ste. 800
Phoenix, Arizona 85012-1965
602.277.8996
602.253.8346, facsimile

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>KELLY J. GOLDEN<br><br>and<br><br>CYNTHIA L. GOLDEN,<br><br><br><br><br>Debtors. | In Proceedings Under Chapter 13<br><br>Case No. 2-15-BK-11449-PS<br><br>**TRUSTEE'S RECOMMENDATION** |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs. Trustee notes the following problems, which must be resolved before recommending confirmation of the plan:

1. Debtors' Petition fails to include the Debtors' email addresses as required by Local Rule 1005-2(a). Debtors must provide Trustee with current email addresses. Debtors' Counsel must affirm that Counsel will abide by the requirements of Local Rule 1005-2(a) for all future petitions filed by Counsel.

2. The Proof of Claim filed by the Internal Revenue Service differs from the creditor's treatment under the Plan or are not provided for by the Plan. The Trustee has received no notification that the issue has been resolved and the Debtor(s) must resolve this discrepancy before the Trustee recommends confirmation of the Plan. The Trustee requires that: (a) the Debtor(s) file an objection to the proof of claim; (b) notify the Trustee **in writing** that the claim issue has been resolved and that the holder of the claim will sign the order confirming plan; (c) notify the Trustee

**in writing** that the proposed order confirming plan will pay the claim in full pursuant to the proof of claim; or (d) timely file an amended Plan to provide for payment in part or full on the claim. If resolution of the claim changes Plan funding requirements, the Trustee requires receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. The Trustee will require debtor(s) provide written notification as to whether the discrepancy has been resolved. Resolution of the discrepancy requires an Order from the Court, the creditor's approval signature on the proposed Stipulated Order Confirming the Case, or payment of the claim in full as per the Proof of Claim.

3. Debtors' Schedules assert the value of the Residence is $160,200.00, with a $150,000.00 homestead exemption, and no secured obligation. However, the Trustee's investigation asserts that the value is $204,000.00. After deducting the $150,000.00 exemption, there would still be approximately $54,000.00 of non-exempt equity in the real property. The Trustee requires the Debtors to provide an appraisal/valuation of the property establishing the value. The 1325(a)(4) Best Interest of Creditors Test may be an issue.

4. The Trustee estimates a shortfall in the funding of Debtors' plan. The Trustee calculates that the funding is sufficient to meet administrative and priority claims. However, additional funding will be required to address Chapter 7 reconciliation, given Debtors' $15,259.55 equity in nonexempt property on the petition date (notwithstanding any additional equity realized in resolving Paragraph 3 above). Based on estimated Chapter 7 Trustee fees ($2,275.96) and costs ($232.15), the Debtors will need to provide no less than $12,751.45 to unsecured claims. As currently proposed the priority creditor would receive $163.96 and non-priority unsecured creditors would receive $8,735.40. The Trustee will require Debtors provide proof of feasibility.

5. Debtors are required to make plan payments of $211.00 per month, beginning October 8, 2015. As of December 8, 2015, they should have made payments totaling $633.00. To date, Debtors have made payments totaling $633.00. Debtors are current, with another payment coming due on January 8, 2016. The Trustee reminds the Debtors that their plan payments are due on the 8th day of each month.

6. Other Requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed order confirming plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed order confirming plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed order confirming plan state: "The plan and this Order shall not constitute an informal proof of claim for any creditor."

(e) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13info.com

(f) Any order confirming plan must be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(g) Nothing in the plan or order confirming plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtors in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(h) According to paragraph II.H.3 of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (Other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the Order Confirming a plan or granting a motion for a moratorium.

1     (i)     The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

SUMMARY: Pursuant to Local Rule 2084-10, Debtor is to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements by January 31, 2016, or the Trustee may lodge a dismissal order. **The Court may dismiss the case without further notice for the Debtors' failure to timely comply with the Trustee's Recommendation.**

Copy of the foregoing mailed or emailed
to the following parties on the date of the
electronic signature affixed hereto:

| | |
|---|---|
| Kelly and Cynthia Golden<br>19831 N. 90th Ln.<br>Peoria, AZ 85382<br>Debtor(s) | Adam Hauf<br>HAUF LAW, PLC<br>Adam@HaufLaw.com |