SIGNED.

Dated: August 10, 2016

Paul Sala, Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>KELLY J GOLDEN<br><br>and<br><br>CYNTHIA L. GOLDEN,<br><br>Debtor. | In Proceedings Under Chapter 13<br><br>Case No. 2-15-bk-11449-PS<br><br>**STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN** |

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Plan of the Debtor as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtor shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) <u>Future Earnings or Income.</u> Debtor shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1 - 10 | $211.00 |
| 11-60 | $626.00 |

The payments are due on or before the 8th day of each month commencing October 2014. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Plan is deemed completed.

The payments increase beginning in Month 11 (August 8, 2016) to provide sufficient additional funding to pay the Priority Claim referenced in Paragraph (C)(4) and the Best Interest of Creditors Test referenced in Paragraph (C)(6)(a).

The Debtor shall provide to the Trustee copies of the federal and state income tax returns for post-petition years within 30 days of filing them. The purpose is to assist the Trustee in determining any change in Debtor's annual disposable income.

(2) Other Property. None.

(B) DURATION. This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) CLASSIFICATION AND TREATMENT OF CLAIMS. Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) Administrative expenses:

(a) Trustee shall receive such percentage fee of Plan payments as may be periodically be fixed by the Attorney General pursuant to 28 U.S.C. § 586(e), but not to exceed 10 %.

(b) Attorney Fees. Debtors were formerly represented by Adam Hauf. The Chapter 13 Plan provided that he was to receive $2,475.00 of attorney fees to be paid by the Trustee in addition to the $2,025.00 that he received before the petition. Effective with the Order entered on July 11, 2016, Adam Hauf was allowed to withdraw as counsel. As a result of his withdrawal prior to confirmation of this case, Adam Hauf will *not* be paid the balance of his fees requested in the plan to be paid by the Trustee.

(2) Claims Secured by Real Property: None.

(3) Claims Secured by Personal Property: None.

(4) Unsecured Priority Claims: The Internal Revenue Service has a priority claim for income taxes for year 2014. The Internal Revenue Service will be paid its priority claim of $163.96 with no interest.

(5) Surrendered Property: None.

(6) Other Provisions. Best Interest of Creditors Test. Unsecured creditors are to be paid no less than $30,205.53 to meet the Chapter 7 Reconciliation requirement of 11 U.S.C. § 1325(a)(4).

(7) Unsecured Nonpriority Claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

- 2 -

Case 2:15-bk-11449-PS    Doc 36    Filed 08/10/16    Entered 08/10/16 07:54:33    Desc
Main Document    Page 2 of 3

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate remains property of the bankruptcy estate upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

---

THIS ORDER SHALL BE EFFECTIVE UPON THE ENTRY OF THE COURT'S
ELECTRONIC ENDORSEMENT ABOVE

---

Approved as to Form and Content By:

*/s/ R Brown*        Russell Brown
                     2016.08.08 09:14:42
                     -07'00'

Russell Brown, Trustee

The Debtor(s) certify that they have read and understand the provisions of this Stipulated Order Confirming, including any requirement to provide copies of federal and state tax returns and turn over net tax refunds to the Trustee. Debtor(s) also certify that all required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

*/s/ Kelly J. Golden*

Kelly J. Golden, Debtor / Pro Se

*/s/ Cynthia L Golden*

Cynthia L. Golden, Debtor / Pro Se

- 3 -