Official Form 416A (12/15)

Form 416A. CAPTION (FULL)

**FILED**

**United States Bankruptcy Court**

NOV 0 1 2016

U.S. [illegible]
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

Maricopa District Of Arizona

In re  Kelly J Golden
       Cynthia L. Golden ,

*[Set forth here all names including married, maiden, and trade names used by debtor within the last 8 years.]*

Debtor

Address  19831 N 90th Lane
         Peoria, AZ 85382

Case No. 2-15-BK-11449-PS

Last four digits of Social-Security or Individual Tax-Payer-Identification (ITIN) No(s)., (if any):  2976  2172

Chapter 13

Employer's Tax Identification No(s). (if any): _____

*[Designation of Character of Paper]*

Motion to disgorge attorney fees (Adam Hauf).

| RECEIPT | No. |
|---|---|
| DATE 6-19-15 | |
| FROM Kelly and Cindy Golden | $2,405.00 |

Two thousand four hundred & five ⁰⁰/₁₀₀ DOLLARS

○ FOR RENT
☒ FOR Attny fee, filing fee, CR'd courses

| ACCT | ○ CASH | |
|---|---|---|
| PAID | ☒ CHECK | FROM _____ TO _____ |
| DUE | ○ MONEY ORDER ○ CREDIT CARD | BY KH |

A-1152
T-4161

October 31, 2016

This is a request to disgorge all attorney fees paid to Adam Hauf of Hauf Law. I will try to keep our explanation brief, but because of the length of time we were involved with this firm, the more bad and borderline unlawful council we received from Adam.

1) Upon meeting with Adam Hauf regarding our financial situation, he suggested that we file a Chapter 7. He told us that he would be able to protect our only asset, which was our home. This was in April of 2015.
2) He later came back and decided that he did not feel confident that he could protect our asset and advised us that we needed to file a Chapter 13 instead and that he would later convert it to a Chapter 7.
3) Several months after filing the initial Chapter 13 petition, we tried numerous times to reach Adam to find out where we were with confirming our plan. At one point, we even drove to his office to make sure that he was still in business. Once they received our money and filed the paperwork, they were not heard from again.
4) After almost a year we were still left wondering as to the status of anything to do with our case. We were completely in the dark, very anxious and simply desperate to understand what was happening. Numerous messages were left with Adam's office.
5) On May 10, 2016 we received an email from Adam indicating that our plan was pending confirmation and "proceeding along the general timeline". We later found out from the trustee's office that Adam had not done anything with the Trustee's Recommendation's paperwork. He had only asked for extension after extension unbeknownst to us. (see item #1)
6) Not knowing what to do, Kelly contacted Trustee Russell Brown.
7) The trustee, Russell Brown, then contacted Adam via email expressing our concerns. (see item #2) Adam then assured the trustee that he was in contact with us even though we had not heard from him for months until he was contacted by Mr. Brown. We received an email from Adam's office on July 11th, 2016 indicating they reviewed our case and they proposed an increase of our bankruptcy payments to go from $211 to $1006 per month based on their Zillow search. (see item 3) This was astounding to us. They've had months and months to address the trustees' recommendation and told us that they had. Adam told us that he had a software program that he used to appraise homes and that we were just in a holding pattern awaiting confirmation. He obviously lied to us for almost a year. He in fact hadn't done anything with our case except to request extensions.
Within 24 hours, we were notified by the trustee that Adam had himself removed from our case citing "irreconcilable differences" as the reason.

Thirteen months after we initially filed Chapter 13 we were left with no confirmed Chapter 13 plan leaving us to fend for ourselves using the Self Help Center. Even the attorney at the Self- Help Center told us that this was pure negligence on Adam's part and that the case could have been closed/confirmed months ago.

Because of Adam's gross negligence in not answering the Trustee's Recommendations (simply filing extensions without our knowledge) and causing us such financial and emotional stress and hardship, we feel at the very minimum, that Adam's fees be disgorged. Obviously, we will be filing a formal complaint with the Arizona Bar. Thank you for your attention regarding this matter.

Sincerely,

*Kelly Golden*

Kelly & Cynthia Golden



5/9 - trustee

Case No 2:1-bk-11449-PS Kelly J Golden

**Cindy Golden**  May 9

Starred

Important

Cindy

Joanna Blackton

Dear Trustee Brown,
This is perhaps an unusual request and I apologize. I have attempted twice to get an answer from my attorney, Adam Hauf of Hauf Law without success.
Has our bankruptcy been approved.
Thank you in advance for your answer.
Kelly Golden

**Adam Hauf**  May 10

Cindy,

Your case is still pending confirmation. Although we are working on getting final approval of the Trustee. Your case is proceeding along the general timelines.

If you have any additional questions I am happy to answer those by either phone or email. If you have attempted to email without response. Please call the office. I always like to ensure that you have all of your concerns addressed.

Sincerely,
Adam E. Hauf Esq.
HAUF LAW, PLC
4225 W Glendale Ave, Suite A104
Phoenix, AZ 85051
P:            F:

This e-mail (including attachments) may be attorney/client privileged and is confidential information covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and other applicable



(#1)

I just got off the phone with Mr. Golden who has concerns about the case moving to plan confirmation (Scott could not discuss the case without you). I'm including Scott on this email as he is my person assigned to the case. Please communicate with the Goldens about their case and what is needed to move the plan to confirmation. Otherwise, I asked Mr. Golden to let me know next week if he does not hear from you; I have copied Mr. Golden on this email.

Russell Brown

Chapter 13 Trustee

Suite 800

3838 North Central Avenue

Phoenix, Arizona 85012-1965

602.277.8996

Fax 602.253.8346

www.chapter13.info



Item #2

---

**Kelly Golden** <skelgolden@hotmail.com>　　　Thu, Jul 7, 2016 at 6:26 AM
To: Cindy <cindypangelina@gmail.com>

Sent from my iPhone

Begin forwarded message:

Item #2

> **From:** Russell Brown <rbrown@ch13bk.com>
> **Date:** July 6, 2016 at 4:08:17 PM MST
> **To:** Adam Hauf <adam@hauflaw.com>
> **Cc:** "SKELGOLDEN@HOTMAIL.COM" <SKELGOLDEN@HOTMAIL.COM>, Scott Lieske <slieske@ch13bk.com>
> **Subject: Golden 15-11449**
>
> Adam,
>
> I just got off the phone with Mr. Golden who has concerns about the case moving to plan confirmation (Scott could not discuss the case without you). I'm including Scott on this email as he is my person assigned to the case. Please communicate with the Goldens about their case and what is needed to move the plan to confirmation. Otherwise, I asked Mr. Golden to let me know next week if he does not hear from you; I have copied Mr. Golden on this email.



Cindy Golden <cindypangelina@gmail.com>

## Max original
1 message

**Cindy** <cindypangelina@gmail.com>      Mon, Jul 11, 2016 at 7:57 AM
To: Cindy <cindypangelina@gmail.com>

> **From:** Hauf Law Paralegal < >
> **Date:** July 5, 2016 at 11:08:44 AM MST
> **To:** Cindy Golden < >
> **Subject: Re: IRS letter**
>
> Good morning, Ms. Golden. I reviewed your Chapter 13 case this morning. Your Chapter 13 Plan turns on one issue; the appraised value of your home. The Trustee demands an appraisal in his Trustee's Recommendations (see attached). As of 12/31/2015, the Trustee asserted the value of your home to be $204,000.00. I pulled a Zillow this morning and it shows an estimated value of $217,000.00 (see attached). After the customary deduction of 10% for cost(s) of sale, your home's value witrh respect to Chapter 13 is in the $184,000.00 to $195,000.00 range. Under the Homestead Exemption of A.R.S. 33-1101, you are allowed to exempt $150,000.00 in value from the reach of creditors. Therefore, assuming we go with the Trustee's assertion of value at $204, 000.00, you must pay at least $45,000.00 to your general unsecured creditors through your Chapter 13 Plan. Their were timely filed general unsecured claims totaling $77,978.81 in your Chapter 13 case and, thus, we cannot lower the $45,000.00 required payout (see attached).
>
> Therefore, in order to meet the Best Interest of Creditors Test required of all Chapter 13 cases which relates to the non-exempt equity in your home, you must increase your Chapter 13 plan payment to at Least $1006.00 per month beginning with the August 8, 2016, monthly payment. Hopefully the Trustee will accept this increase and drop the requirement of an appraisal.
>
> Attached for both of your signatures is an order confirming your Chapter 13 Plan reflecting the August 8, 2016, plan payment increase to $1006.00 per month for the duration of your Chapter 13 Plan. Please sign in the appropriate spaces on the last page and please email me back a pdf copy of your signature page. Mr. Hauf will submit the order and hopefully that will be the end of it.
>
> Max
>
> Sent from my iPhone

*[Handwritten note:] Almost a year later we receive this — after contacting the trustee. When questioning the calculations — they stopped responding*